# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTIN SMITH, # 963119,

        Plaintiff,                  Case Number: 5:17-cv-11090
                                          HON. JOHN CORBETT O'MEARA

v.

THERESA SPENCER,

        Defendant.
                                     /

## ORDER OF SUMMARY DISMISSAL

Plaintiff Martin Smith is presently confined at the Carson Correctional Facility in Carson City, Michigan. He has filed a *pro se* complaint challenging the conduct of Theresa Spencer. He claims that Spencer, in her role as clerk of Lapeer County Circuit Court, interfered with his right of access to the courts by failing to docket Plaintiff's legal filings. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**I.    Plaintiff's Motions**

Since the filing of his complaint, Plaintiff has filed two motions. First, he filed a Motion for Leave to File Supplemental Complaint. He seeks to supplement his complaint with the addition of several paragraphs and an affidavit from his mother. The proposed additions seek to provide further support for Plaintiff's

claims, but do not raise new claims. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading or a motion under Rule 12(b). The complaint has not been served. Therefore, Plaintiff's motion to supplement his complaint will be granted.

Plaintiff also has filed a Memorandum of Law in Support of Preliminary Injunction (which was docketed as motion for preliminary injunction). The Court, as set forth below, has determined that the complaint fails to state a claim upon which relief may be granted. Therefore, Plaintiff's request for a preliminary injunction will be denied as moot.

## II.     Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting

3

under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III. Discussion**

As noted, Plaintiff's complaint focuses on the actions of Lapeer County Circuit Court clerk Theresa Spencer. It is well-established that court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial offer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). In *Ortman v. Michigan*, 16 F.3d 1220, 1994 WL 12230 (6th Cir. Jan. 18, 1994), the Sixth Circuit Court of Appeals held that a court clerk was entitled to absolute quasi-judicial immunity from liability for allegedly improperly handling the plaintiff's attempts to appeal. The allegations against Spencer in this case involve the performance of judicial functions. Thus, Spencer's actions fall within the doctrine of quasi-judicial immunity and she is immune from suit.

**IV. Conclusion**

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 4) is GRANTED, and Plaintiff's Motion for Preliminary Injunction (ECF No. 6) is DENIED AS MOOT.

IT IS FURTHER ORDERED that, if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/John Corbett O'Meara
United States District Judge

Date: June 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 8, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager